GEORGE W. FISCHER, as Executor of VIRGINIUS B. HIRST, Deceased, Respondent, v. PROVIDENT MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA, Respondent-Appellant, and HARRIET E. HIRST, Intervener, Appellant.— We have come to the conclusion that giving the appellant full benefit of the evidence offered and excluded, no case was made out to go to the jury and a verdict should have been directed in plaintiff's favor. There was no prejudice therefore in the matters complained of justifying a new trial. Judgment unanimously affirmed, with costs. Present — Peck, P. J., Callahan, Breitel, Bastow and Botein, JJ.

∎

CITY BANK FARMERS TRUST COMPANY, as Trustee under Four Deeds of Trust Made by WILLIAM W. ASTOR and Others, and as Trustee under a Deed of Trust Made by FRANCIS D. L. ASTOR, Appellant, v. HARRIETTE SHORT et al., Respondents.— While we may not agree with the reasoning of Special Term, we think there was enough evidence presented to warrant a finding of waiver and therefore the judgment awarded was proper. Judgment affirmed, with costs. Present — Peck, P. J., Callahan, Breitel, Bastow and Botein, JJ.; Peck, P. J., dissents and votes to direct judgment for the plaintiff. [203 Misc. 979.]

∎

In the Matter of HERBERT SCHREIBER et al., Respondents, against JOSEPH D. McGOLDRICK, as State Rent Administrator, et al., Appellants.— Order affirmed, with $20 costs and disbursements to the respondents. We do not construe section 100 of the State Rent and Eviction Regulations to relate to a protest, filed solely for the purpose of bringing the application within the provisions of the regulation as amended, the effective date of which is later than the date of the order against which the protest is filed. Present — Peck, P. J., Dore, Breitel, Bastow and Bergan, JJ.; Dore and Bergan, JJ., dissent and vote to reverse and confirm the determination of the State Rent Administrator in the following memorandum: On July 10, 1953, when the State Rent Administrator's order determining the landlord's protest was made, the amended statute and regulation prescribing 6% instead of 4% had been in effect for over two months and was the law then governing the protest proceedings (Matter of Tartaglia v. McLaughlin, 297 N. Y. 419, 424). The action taken by the State Rent Administrator was strictly in accord with an unchallenged regulation and was not contrary to law, unreasonable or arbitrary (Suppus v. Bradley, 278 App. Div. 337, 339). Accordingly the order should be reversed and the determination of the State Rent Administrator made July 10, 1953, should be confirmed.