*515 Memorandum: The order of the Appellate Division and the judgment of Special Term should be reversed and the determination of the respondent annulled and the proceeding remanded to the Administrator for the purpose of adjusting the maximum rents to reflect a 6% return on the $435,000 purchase price, with costs of this proceeding in all courts.
Protest and court remit proceedings involving determination of adjustment of maximum rents as they are appellate in nature must be determined on the basis of the law in effect on the date of the original Local Rent Administrator’s order (see Matter of Schreiber v. McGoldrick, 283 App. Div. 779, affd. 307 N. Y. 650; Levy v. 1165 Park Ave. Corp., 305 N. Y. 607; Matter of Neulist v. Weaver, 2 A D 2d 530, affd. 2 N Y 2d 889; Matter of Garden Bay Manor [Sills] v. Herman [Gaynor], N. Y. L. J., June 21, 1962, p. 11, col. 1 [Spec. Term, N. Y. County, Markowitz, J.], affd. 23 A D 2d 537, mot. for lv. to app. den. 15 N Y 2d 486; 850 Corp. v. Schwartz, 15 N Y 2d 899; Matter of East 19th St. Co. v. Gabel, 39 Misc 2d 218, affd. 19 A D 2d 590, mot. for lv. to app. den. 13 N Y 2d 595).
The amendments of the law effective June 30, 1961 (L. 1961, ch. 337) and chapter 21 of the Laws of 1962 do not apply to proceedings before the State Administrator on protest or court remit proceedings, but only to proceedings undetermined at the time of the transfer before the Local Rent Administrator or district director (1 N. Y. Jur., Administrative Law, §§ 18, 93).
In this case, since the original determination was improper, the law in effect at the time of the Local Rent Administrator’s order which the protest and court remit proceedings are designed to review should have been applied to the first purchase price of $435,000 with cash in excess of 20%. (See Amdt. No. 88 to State Rent and Eviction Regulations, eff. June 30, 1961, Comprehensive Statement of Considerations re amdt. of § 100 of Regulations; Matter of Garden Bay Manor [Sills] v. Herman [Gaynor], 23 A D 2d 537, mot. for lv. to app. den. 15 N Y 2d 486, supra; see, also, Matter of Rotham Realty Co. v. Gabel, 16 N Y 2d 517, decided herewith.) In accordance with that law (the 1959 Rent Act, L. 1959, ch. 695), the petitioners are entitled to rent increases computed upon that $435,000 purchase price as of the date of the State Local Rent Administrator’s order—June 28, 1961 — the increases being retroactive to December 28, I960.