Memorandum : The order of the Appellate Division should be reversed and the order of Special Term reinstated, with costs of this proceeding in this court and in the Appellate Division.
The law in effect at the time of the Local Bent Administrator’s order which the protest and court remit proceedings are designed to review should have been applied. (See Matter of Schreiber v. McGoldrick, 283 App. Div. 779, affd. 307 N. Y. 650; Levy v. 1165 Park Ave. Corp., 305 N. Y. 607; Matter of Neulist v. Weaver, 2 A D 2d 530, affd. 2 N Y 2d 889; Matter of Garden Bay Manor [Sills] v. Herman [Gaynor], N. Y. L. J., June 21, 1962, p. 11, col. 1 [Spec. Term, N. Y. County, Markowitz, J.], affd. 23 A D 2d 537, mot. for lv. to app. den. 15 N Y 2d 486; 850 Corp. v. Schwartz, 15 N Y 2d 899; Matter of East 19th St. Co. v. Gabel, 39 Misc 2d 218, affd. 19 A D 2d 590, mot. for lv. to app. den. 13 N Y 2d 595; 1 N. Y. Jur., Administrative Law, §§ 18, 93.)
The cash paid in connection with the sale amounted to 18.5% which was substantially in excess of the standard of 15% cash equity used as one of the tests of normal financing by the State Bent Administrator under the law in effect when the Local Bent Administrator’s determination was made. (See Matter of Wadsworth Props. Corp. v. Weaver, 8 A D 2d 705, Administrator’s Wadsworth Brief, pp. 12-13; Matter of Simon v. *520 Herman, 15 A D 2d 650, Opinion of State Administrator Herman; Matter of Hoyt v. Herman, N. Y. L. J., March 25, 1963, p. 16, col. 8, Docket No. AO. 81137 State Rent Administrator’s Decision.) Under State law purchase prices far above the assessed valuation with the sum total of mortgages in excess of the 'equalized assessed valuation, and with less than 20% cash, were approved. (Cf. Matter of Edward v. Herman, 17 A D 2d 185 [1st dept.]; cf. Matter of R. & S. Realty Co. v. Herman, 16 A D 2d 954, affd. 13 N Y 2d 679; see, also, Matter of Shafer v. Gabel, 16 N Y 2d 513, decided herewith.)