Bergan, J. (dissenting).
The “law in effect” in 1960 when the petitioners’ application was made to the former State Administrator (L. 1959, ch. 695) did not provide that a cash ratio to purchase price of 15% met the test of “ normal financing terms ” which that statute prescribed. Neither the “law in effect” in 1960 nor the “ law in effect” in 1963 when respondent made her determination defined what normal financing terms were. The guidelines to normal financing in the 1961 and subsequent statutes were in aid of the Administrator and not prescriptions.
There is no reported case under the present statute or its predecessors in which a court directed that 15% cash was the proper and controlling ratio to purchase price upon which to determine normal financing terms where the Administrator was of the opinion some higher or other percentage should be applied.
Nor is there anything so final or conclusive about one Administrator’s opinion of what are “normal financing terms”, in the absence of statutory prescription, that another or succeeding Administrator is required as a matter of law to take the same view.
The cases cited in the court’s memorandum to sustain the view that the “ law in effect ” at the time of the protest must be applied do not sustain this view, especially when the change in the 1 £ law ’ ’ is merely a change in judgments or evaluations of administrative officers given the power to make fair determinations of what is “ value”. It seems clear that the law is quite the other way.
The decision in Matter of Neulist v. Weaver (2 A D 2d 530, affd. 2 N Y 2d 889), for example, turned on a statutory direction that no increase or decrease of rent should £ £ be effective *521 prior to the date ’ ’ the order was issued. The decision is wholly irrelevant to the present case. The decision in Levy v. 1165 Park Ave. Corp. (280 App. Div. 912, affd. 305 N. Y. 607) passed upon the time at which a rent increase order took effect in litigation between landlord and tenant.
In Matter of Schreiber v. McGoldrick (283 App. Div. 779, affd. 307 N. Y. 650) there was an actual change in the statutory percentage itself by which the rate of return was calculated during the process of review, and this, of course, presented an entirely different question.
The order should be affirmed.
Judges Fuld, Van Voorhis, Burke and Scileppi concur in Memorandum ; Judge Bergan dissents and votes to affirm in an opinion in which Chief Judge Desmond and Judge Dye concur.
Order of the Appellate Division reversed and that of Special Term reinstated, with costs in this court and in the Appellate Division, in a memorandum.