Memorandum: The order of the Appellate Division should be reversed, the order of Special Term reinstated and the proceeding remanded to the Administrator for the purpose of determining the matter in accordance with the State rent control statute and State Administrator’s Regulations in effect prior to June 30, 1961, with costs in this court and in the Appellate Division. (See Matter of Schreiber v. McGoldrick, 283 App. Div. 779, affd. 307 N. Y. 650; Levy v. 1165 Park Ave. Corp., 305 N. Y. 607; Matter of Neulist v. Weaver, 2 A D 2d 530, affd. 2 N Y 2d 889; Matter of Garden Bay Manor [Sills] v. Herman [Gaynor], N. Y. L. J., June 21, 1962, p. 11, col. 1 [Spec. Term, N. Y. County, Markowitz, J.], affd. 23 A D 2d 537, mot. for lv. to app. den. 15 N Y 2d 486; 850 Corp. v. Schwartz, 15 N Y 2d 899; Matter of East 19th St. Co. v. Gabel, 39 Misc 2d 218, affd. 19 A D 2d 590, mot. for lv. to app. den. 13 N Y 2d 595.) The respondent must hear the testimony of the petitioner’s experts and evidence of listings and sales of comparable property in order to complete the record. (See Matter of R. & S. Realty Co. v. Herman, 16 A D 2d 954, affd. 13 N Y 2d 679.)
See, also, Matter of Shafer v. Gabel (16 N Y 2d 513) and Matter of Rotham Realty Co. v. Gabel (16 N Y 2d 517), both decided herewith. Protest proceedings and court remit proceedings may not be treated as 1 ‘ pending applications ’ ’.