CITY OF NEW ROCHELLE, Respondent, *v.* CHARLES D. BECKWITH et al., Appellants.

(Submitted June 11, 1935; decided July 11, 1935.)

*Albert Ritchie* and *Frederick H. Seacord, Jr.*, for appellants. The court had no authority to impose the sentence which it did. (*People ex rel. Stokes* v. *Riseley*, 38 Hun, 280; *People* v. *Carter*, 48 Hun, 165; *People ex rel. Kane* v. *Sloane*, 98 App. Div. 450; *People ex rel. Devoe* v. *Kelly*, 97 N. Y. 212; *People* v. *Bork*, 96 N. Y. 188; *People ex rel. Tweed* v. *Lipscomb*, 60 N. Y. 559; *Polinsky* v. *People*, 73 N. Y. 65; *People* v. *Budd*, 117 N. Y. 1; Penal Law, § 22; *People* v. *Knapp*, 206 N. Y. 373; *People* v. *McCann*, 151 Misc. Rep. 792; *People* v. *McCarthy*, 121

Misc. Rep. 56; *People ex rel. Price* v. *Sheffield Farms Co.*, 225 N. Y. 25; *City of Brooklyn* v. *Nassau Electric Co.*, 44 App. Div. 462; *City of Buffalo* v. *Neubeck*, 209 App. Div. 386; *People* v. *Jones*, 218 App. Div. 443; *People ex rel. Kieley* v. *Lent*, 166 App. Div. 550; 215 N. Y. 626.) The complainant had no standing in court. (*Matter of Collins* v. *Moore*, 125 Misc. Rep. 777; *Stilwell* v. *Buffalo Riding Academy*, 21 Abb. N. C. 472; *Owid* v. *Moushaty*, 125 Misc. Rep. 535; *Keenly* v. *McCarty*, 137 Misc. Rep. 524; *Southern Leasing Co.* v. *Ludwig*, 217 N. Y. 100; *People* v. *Kalbfleisch Co.*, 174 App. Div. 108; 220 N. Y. 760.) The information does not state facts sufficient to constitute a violation of the ordinance. (*Blodgett* v. *Race*, 18 Hun, 132; *McKelvey* v. *Marsh*, 63 App. Div. 396; *Matter of Peck* v. *Cargill*, 167 N. Y. 391; *People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383; *People ex rel. Brown* v. *Tighe*, 146 App. Div. 491; *Tanzer* v. *Breen*, 139 App. Div. 10.)

*Aaron Simmons, Corporation Counsel* (*John A. Bodmer* of counsel), for respondent. The zoning ordinance is constitutional as applied to the defendants' property and upon the evidence the defendants were lawfully convicted. (*Town of Ramapo* v. *Bocker*, 151 Misc. Rep. 613; *Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288; *Welch* v. *Swasey*, 214 U. S. 91; *City of Rochester* v. *West*, 164 N. Y. 510; *Tenement House Dept.* v. *Moeschen*, 179 N. Y. 325; *City of New York* v. *Chelsea Jute Mills*, 43 Misc. Rep. 266; *People* v. *Werner*, 174 N. Y. 132; *People* v. *Kibler*, 106 N. Y. 321; *People* v. *D'Antonio*, 150 App. Div. 109.) The defendants waived any question of insufficiency or defects in the complaint by their general appearance and pleas of not guilty. (*City of Buffalo* v. *Neubeck*, 209 App. Div. 386; *People ex rel. Krohn* v. *Thomas*, 133 Misc. Rep. 145; *People ex rel. Dinsmore* v. *Keeper of Erie County Pentitentiary*, 125 App. Div. 137; *People* v. *Carter*, 88 Hun, 304; *People* v. *Wiechers*, 179 N. Y. 459.)

LEHMAN, J. The defendants have been charged with a violation of the zoning ordinance of the city of New Rochelle " on the 2nd day of July, 1933, and on subsequent days to and including the 23rd day of July, 1933." The complaint against them was made on information and belief by a resident of the city. After trial in the City Court of New Rochelle they were convicted and each defendant was fined the sum of $750. Upon this appeal the defendants urge that the zoning ordinance is, as construed in the courts below, unreasonable, and an unconstitutional deprivation of their property. They urge further that the evidence is insufficient to show a violation of the ordinance, and finally that the proceedings were improperly prosecuted and that the trial court was without jurisdiction.

The evidence is sufficient to sustain the finding of the trial court that the defendants, acting under cloak of a membership corporation, used property in a part of the city denominated a " Residence ' A ' District," for a business prohibited by the ordinance. The power of the city to adopt the ordinance is clear. The question remains whether the court had jurisdiction of this action and power to impose fines of $750 on each defendant.

The zoning ordinance provides that for each violation of the provisions of the ordinance, each of those who participate in such violation " shall be subject to a fine not exceeding one hundred dollars and every day the violation exists shall be deemed to be a separate and distinct violation. Such violation shall also be a misdemeanor." The courts below have held that the Legislature did not delegate to the city of New Rochelle power to make a violation of its zoning law a misdemeanor. The fines were imposed pursuant to the provisions of the ordinance which subjects persons who participate in a violation to a fine of $100 for each violation. The right of the city to adopt an ordinance providing for such fines is not challenged by the appellant, and the right of the city to make a violation

of the ordinance, at the same time, a technical misdemeanor, is not asserted or defended by the respondent. The distinction may then be disregarded upon this appeal.

The ordinance provides also that " this ordinance shall be enforced by the building inspector in accordance with the administrative provisions of the building code and of this ordinance." Here, so far as appears, the building inspector has not sought enforcement of the restrictions of the zoning ordinance. The complaint, as we have said, is made by a private citizen, a resident of the restricted district. Private citizens often have a special interest in the enforcement of a statute. They may often compel a public officer to take appropriate action for the enforcement of a statute or ordinance; none the less where duty of enforcement is intrusted solely to a named public officer, private citizens cannot intrude upon his functions.

The problem thus presented here is whether the ordinance, in placing upon the building inspector a duty to enforce its provisions, provided by implication that fines for its violation should be imposed only upon his complaint. We think that in this zoning ordinance that implication is clear. Otherwise the provision for fines might be diverted from its intended purpose as an instrument of enforcement of the zoning ordinance to purposes of annoyance and oppression. Use of property in violation of the ordinance is essentially a single continuing act, though artificially separated by the ordinance into separate violations for each day that the violation continues. For administrative purposes such separation may be sound. It enables the administrative officer, who is under duty to enforce the ordinance, to bring adequate pressure upon a contumacious offender. We may hardly suppose that the ordinance was intended to subject a person violating the ordinance to the risk and embarrassment of being haled into court, upon complaints of private citizens, for each day's violation of an ordinance, committed, perhaps, through ignorance and without even

notice from the building inspector, charged with duty to enforce the statute, that the ordinance is being violated.

This case indeed illustrates the difficulties and even the injustice that may result from prosecution of a violator of the zoning ordinance upon the complaint of a private citizen. Here the proceedings are brought upon a complaint of a private citizen. The city is made the plaintiff, though it does not appear that any authorized officer of the city has directed that the proceedings be instituted. The complaint is made upon information and belief, and the sources of information are not disclosed. The defendants are charged with a violation of the ordinance from July 2d to July 23d, and they are then convicted of separate violations, the number of which is not specified, and are each fined $750. Perhaps objections to the form of the complaint and to the trial of separate violations of the ordinance, though the complaint charges one continuous violation, were not properly raised at the trial. We do not pass upon them now. The judgment must be reversed and the complaint dismissed, because the court was without jurisdiction to impose any fine where the proceedings for the enforcement of the ordinance are brought by a private citizen.

The judgments should be reversed and the complaint dismissed.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CROUCH, J., not sitting.

Judgments reversed, etc.