HOME OWNERS' LOAN CORPORATION, Respondent, v. FRANCES V. ZOELLER and Others, Defendants, and SPRINGFIELD GARDENS NATIONAL BANK OF NEW YORK, Appellant.— In an action brought by the plaintiff to procure a judgment declaratory of the rights and relations of the plaintiff and defendants respectively, the Springfield Gardens National Bank of New York appeals from an order denying its motion (a) to vacate the declaratory judgment entered in this action upon the default of the defendants, including the appellant, upon the ground that such judgment is void, and (b) in the alternative to permit the defendant-appellant to serve an answer to the complaint. Order affirmed, with twenty dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.

In the Matter of the Application of FRANCIS F. CARPENTER, Respondent, for a Mandamus Order against OSCAR GRAB, as Chief of the Fire Department of the City of New Rochelle, Appellant.— Order directing chief of the fire department of the city of New Rochelle to renew a permit for the maintenance of a public garage and gasoline tanks on certain premises in the city of New Rochelle unanimously affirmed, with twenty dollars costs and disbursements. The fire chief may only deny a permit or a renewal thereof on grounds which relate to fire hazard or the like. Here it appears that every requirement affecting fire hazard has been met by the petitioner. A refusal to issue a permit upon a ground other than one which comes within the scope of the fire chief's powers constitutes an arbitrary act and upon such a refusal the petitioner is entitled to the relief accorded. (*Matter of Small* v. *Moss*, 279 N. Y. 288; *Matter of Larkin Co.* v. *Schwab*, 242 id. 330, 335.) If it be the fact that the establishment exists and operates in violation of the zoning regulations, that violation may be terminated by appropriate action taken by the official directed to enforce the zoning regulations. (*City of New Rochelle* v. *Beckwith*, 268 N. Y. 315; Zoning Ordinance of the City of New Rochelle, art. XII, § 7; *Matter of Kalen* v. *Amato*, 248 App. Div. 777; *Matter of Collins* v. *Moore*, 125 Misc. 777.) On such an occasion the present petitioner will be afforded an opportunity to meet such an issue directly. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.