In the Matter of HATTIE C. GOODHART, Petitioner, against CITY COURT OF YONKERS, Sitting as a Court of Special Sessions, et al., Respondents.

Supreme Court, Special Term, Westchester County, August 15, 1947.

*Francis P. Brady* for petitioner.

*John H. Galloway, Jr., Corporation Counsel,* for City Court of Yonkers, and another, respondents.

*Moore and Romm* for Max Citterman, respondent.

FLANNERY, J. The petitioner applies for an order directing the respondents to desist and refrain from further proceedings

upon a summons and information charging the petitioner with violation of the Yonkers Building Code. The information was made, verified and filed in the Yonkers City Court by a private citizen and not by the Department of Buildings, the Superintendent of Buildings or any other officer or employee of the department or the city. An affidavit of the Superintendent of Buildings offered in support of the petition and not controverted by anything in the respondents' papers says the complainant in the City Court action requested the Department of Building to bring a proceeding to enforce an alleged violation of the Building Code of the City of Yonkers, presumably by the petitioner, but on inspection by its engineer and plan examiner for building inspection the department found no violation of the Building Code by the petitioner, and the affidavit further implies that any inconsistency between the Building Code and the condition of the ceiling in the portion of the petitioner's real property leased to the complainant in the City Court action is the result of unwarranted act or conduct of the complainant himself.

The order is sought upon the allegation that the Yonkers Building Code is by its terms entrusted for supervision and enforcement to the Department of Buildings and no information by a private citizen can give jurisdiction of the violation it charges to the Yonkers City Court. This is in reliance specifically on section 229 of article 27 of the Code which says, " Article 27. ENFORCEMENT OF CODE. Section 229. *Enforced by the Department of Buildings.* This ordinance shall be enforced by the Department of Buildings " and generally on sections 225, 226 and 227 which provide for measures short of criminal proceedings. The similarity of the circumstances in *City of New Rochelle* v. *Beckwith* (268 N. Y. 315) to those in the Yonkers City Court here, and the policy there established for the enforcement by criminal proceedings of regulatory municipal ordinances committed by their terms to special officers for supervision and enforcement, moves this court to hold that the enforcement by criminal proceedings of the Yonkers City Building Code is committed exclusively by its terms to the Department of Buildings of the City, and that no information by a private citizen charging violation of the code can confer jurisdiction of the violation charged on the Yonkers City Court. It is as if the court were proceeding without *any* information and it needs no authority to demonstrate that a proceeding on no information would be without jurisdiction and wholly void.

The wisdom of the policy adopted in *City of New Rochelle* v.

*Beckwith* (*supra*), is emphasized by the determination of the Building Department here after inspection that there is no violation by the petitioner. If respondents are correct, the petitioner can be subjected, nevertheless, to the expense, harassment, humiliation and inconvenience of a criminal prosecution although the City Department charged with supervision and enforcement of the ordinance allegedly violated finds no violation by the petitioner. She might even be convicted.

It becomes, then, a matter of discretion with this court whether or not to grant the petition (*Matter of Culver Contr. Corp.* v. *Humphrey,* 268 N. Y. 26, 39). It should not be allowed merely as a method of premature appeal (p. 39), but when it provides a more effective and immediate remedy against judicial action in excess of jurisdiction (p. 40), it should not be withheld to wait upon a right of appeal, remote and available only after the expense, embarrassment and discomfort of an obviously useless trial before a court clearly without jurisdiction has produced a formal and void conviction, neither sought nor approved by the municipality or its officers, exclusively charged with enforcement in the criminal courts, of the law under which the conviction was obtained (*Quimbo Appo* v. *People,* 20 N. Y. 531; *Matter of Brookley* v. *Ives,* 243 App. Div. 487; *Matter of Gardner* v. *Domestic Relations Ct. of City of N. Y.,* 184 Misc. 44; *Matter of United States of Mexico* v. *Schmuck,* 294 N. Y. 265, 274; *People ex rel. Safford* v. *Surrogate's Court,* 229 N. Y. 495). The order sought will be granted.

Submit order on notice, either at Chambers, Poughkeepsie, or Special Term, Part I, White Plains.