CITY BANK FARMERS TRUST COMPANY, as Trustee under Four Deeds of Trust Made by WILLIAM W. ASTOR and Others, and as Trustee under a Deed of Trust Made by FRANCIS D. L. ASTOR, Plaintiff, v. HARRIETTE SHORT et al., Defendants.

Supreme Court, Special Term, New York County, April 10, 1953.

*Elmer J. Hoare* for plaintiff.

*Leroy Campbell* for defendants.

GAVAGAN, J.   Plaintiff seeks a declaratory judgment (1) declaring that all rental agreements made between the defendant Harriette Short, and the other defendants for occupancy of any portion of the demised premises are illegal and void; (2) permanently enjoining and restraining said Short from renting or permitting occupancy of any portion of the demised premises contrary to the provisions of her said lease of said demised premises and in violation of the provisions of section

248 of the Multiple Dwelling Law; and (3) directing that said Short forthwith remove from said premises or any portion thereof all persons whose use and occupancy thereof is unlawful and unauthorized; that an order be made and entered herein restraining and enjoining said defendants from such illegal and unauthorized use and occupancy of said premises during the pendency of this action.

Defendant as lessee occupies a duplex sixteen-room apartment and admittedly has in excess of four roomers, the maximum permitted under section 248 of the Multiple Dwelling Law. The lease provides *inter alia:* '' Tenant shall have the right to sublease portions of the demised premises subject to the rules and regulations of the Department of Housing & Buildings, Multiple Dwelling Law and all other departments and authorities having jurisdiction.'' There are other usual provisions to the effect that the use is limited to the tenant's family, that the tenant shall comply with the requirements of governmental authorities, that the writing contains the entire agreement of the parties and that it is capable of amendment only by a writing signed by the party against whom the change would be enforcible.

At the trial it appeared that the plaintiff's predecessor, despite the contrary provisions of the lease, knew that more than four roomers would occupy the apartment. That the prior owner knew and understood that the defendant intended to rent all available rooms to others in excess of four is fully established from the evidence. It was shown that prior to the making of the lease the former owner visited the premises occupied by the defendant Short, which was a house fully rented to roomers; there can be no doubt that the prior owner knew the same or similar use was to be made of the apartment in question. Since the remedy of declaratory judgment is discretionary in nature, the facts found in this case in favor of the defendant Short warrant this court's refusal to exercise its discretion, were those facts the only bar to the relief demanded by the plaintiff.

Subdivision 1 of section 303 of the Multiple Dwelling Law seems to limit the enforcement of its provisions to the department charged with the enforcement of laws, ordinances and regulations in relation to multiple dwellings. That this was the intendment of the Legislature seems real and apparent, when the provisions of section 352 of the Multiple Dwelling Law are considered. That section specifically grants power to a lessor

to elect to terminate a lease and grants him the right to recover possession of the premises by summary proceedings as provided in article 83 of the Civil Practice Act. It is quite clear, therefore, that in the absence of like legislative power remedies for violation of Multiple Dwelling sections, other than for prostitution, are expressly limited as provided by section 303 (*supra*). In consonance with this thought it has been held that summary proceedings may not be resorted to for every violation of the provisions of the Multiple Dwelling Law. (*Guaranty Trust Co. v. Nelson,* 189 Misc. 915, motion for leave to appeal denied by Appellate Division, N. Y. L. J., Oct. 16, 1947, p. 883, col. 1.) It has likewise been held that where, as here, a prior owner permitted the occupancy of the apartment by roomers, he expressly waived the covenant of the lease that the same be occupied " as a private family dwelling ". (*Devonshire Associates v. Garrett,* 190 Misc. 820.)

Where the duty of enforcement is entrusted solely to a named public officer, private citizens cannot intrude upon his functions. (*City of New Rochelle v. Beckwith,* 268 N. Y. 315, 318.) In *Matter of Goodhart v. City Court of Yonkers* (190 Misc. 572, affd. 273 App. Div. 858) it was held that where enforcement of a statute is committed exclusively by its terms to the department of buildings of the city, an information by a private citizen charging a violation of the code could not confer jurisdiction of the violation charged on Yonkers City Court. While these cases involved proceedings criminal in nature, I see no reason in principle why the same rule should not be applied to civil proceedings or actions. As a matter of fact, the principle enunciated in *City of New Rochelle v. Beckwith* (*supra*) has been adopted with approval in a civil proceeding by the Second Department of the Appellate Division of the Supreme Court in *Matter of Carpenter v. Grab* (257 App. Div. 860, motion for leave to appeal denied 281 N. Y. 885), where the court said: " If it be the fact that the establishment exists and operates in violation of the zoning regulations, that violation may be terminated by appropriate action taken by the official directed to enforce the zoning regulations." (See, also, *Matter of Carpenter v. Kreuter,* 258 App. Div. 808.)

Where a statute such as section 303 of the Multiple Dwelling Law limits supervision and enforcement exclusively to an officer or department designated therein, others not designated are without authority to maintain a proceeding or action for an alleged breach.

For the foregoing reasons, judgment is directed to be entered in favor of the defendants. This memorandum is intended to constitute the decision of the court under section 440 of the Civil Practice Act. Settle judgment accordingly, without costs.