Morris E. Spector, J.
Plaintiff corporation is owner of a five-story apartment house contiguous to a taxpayer owned by defendant corporation. On the roof of the taxpayer is a long metal chimney which extends about five feet above the roof of the apartment house. This chimney is attached by brackets bolted into the wall of the apartment house and by a rod attached to the roof of the apartment house. The chimney was erected in December, 1931.
Defendant did not receive the consent of plaintiff or its predecessor owner to attach the chimney to the side of its wall or roof. When the chimney was erected, a permit was received from the Department of Buildings to erect a chimney four feet high.
Plaintiff claims this is a nuisance and seeks to have it abated. If it is a nuisance, it is solely because no permit was secured from the authorities to build the chimney to its present height. It is not a nuisance because of its operation.
Defendant contends that it has a right to continue using plaintiff’s property for support of its chimney by adverse possession, and that lack of permit or violation of permit is not pertinent to plaintiff.
Although plaintiff has no right to commence an action to enforce penal provisions of any ordinance (City of New Rochelle v. Beckwith, 268 N. Y. 315, 318), nevertheless it may maintain a civil suit to enjoin a use in violation of an ordinance where such use injures its property (McCarter v. Beckwith, 247 App. Div. 289, affd. 272 N. Y. 488). However, where the use in violation of an ordinance causes no harm to plaintiff’s property, and in fact a prescriptive right to such use exists, no action maybe maintained (Carbone v. Wenner, 98 N. Y. S. 2d 596, 601).
In the instant case the uninterrupted use for over 25 years gives rise to an easement which clearly bars plaintiff from maintaining this action. Mere violation of an ordinance does not create a private nuisance.
Settle judgment and findings.