94 N.J. Super. 395 (1967)
228 A.2d 555
TOWNSHIP OF CRANFORD, PLAINTIFF-RESPONDENT,
v.
JOHN ERRICO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Union County Court, Law Division.
Decided March 23, 1967.
*396 Mr. Harry Kay for appellant.
Mr. Walter M. Cooper for respondent.
Mr. James M. Bell for Stephen Ondish, complaining witness and amicus curiae (Mr. Joseph M. Nolan, attorney).
KWALICK, J.C.C.
Defendant appeals from a conviction of zoning law violations on complaint of John Ondish a private citizen. Defendant and Ondish respectively own and occupy adjacent properties in the same zoning district, defendant since 1950 and Ondish since 1965.
Section 1801 of the subject ordinance provides for enforcement by the municipal "building inspector known as the zoning officer." The right of the governing body to confer such authority derives from N.J.S.A. 40:55-47.
Each violation is punishable by a maximum fine of $200 or imprisonment for not more than 90 days or both. A single violation becomes several  or many  one for each day of continuance.
Defendant moved to dismiss on the ground that the municipal court lacked jurisdiction to entertain the complaint it having been made by an unauthorized person. The magistrate held a contrary view, adjudged defendant guilty and imposed a $200 fine.
Like motion is made in this de novo proceeding.
There is no showing that any governmental officer or agency authorized Ondish to lodge the complaint. He acted after the zoning officer and other municipal officials denied his requests to do so.
The desirability of committing enforcement of a zoning ordinance to the sole authority of a zoning officer who in this case is also the building inspector, commends itself.
*397 His expertise with respect to all manner of construction, land and building uses, knowledge of building codes, zoning law and ordinances, ready access to and comprehension of official records and familiarity with the character and history of most if not all properties in the community, more fully qualify him than a layman to determine compliance or infraction. He instantly knows whether that which may appear to be, is not in fact a violation because sanctioned by a variance grant or pre-existing nonconforming use or by reason of other circumstances.
He notifies offending owners of violations, requesting compliance within a stated reasonable time. He will not, unless impelled by special circumstances, charge a separate offense for each day of a continuing violation.
Exclusive enforcement authority forestalls institution by others of unnecessary and unwarranted litigation which unduly burdens courts and harasses affected landowners.
Municipal officials have frequently but not uniformly dealt with the question. Counsel say there is no reported decision by the courts of our State which precisely meets and resolves the problem. This is confirmed by independent research. However, courts of sister states and acknowledged authorities addressed themselves to it and furnished useful precedent.
A leading oft-cited case is City of New Rochelle v. Beckwith, 268 N.Y. 315, 197 N.E. 295, 100 A.L.R. 991 (Ct. App. 1935). There as here, authority to enforce a zoning ordinance had been delegated to the city building inspector who was requested to but did not seek termination of a purported violation. Complaint was then made by a private citizen, resident in a restricted district. The defendant was found guilty and fined.
In setting aside the conviction and dismissing the complaint, the Appellate Court held that a private citizen "cannot intrude upon" functions "intrusted solely to a named public officer" and "the [lower] court was without jurisdiction to impose any fine where the proceedings * * * are brought by a private citizen."
*398 The principle enunciated in New Rochelle is given authoritative recognition in 39 Am. Jur. Parties  "Enforcement of Public Rights and Duties" § 11 (1942, Supp. 1966); 1 Yokley, Zoning Law § 10-3, pp. 437-438 (3d ed. 1965); 3 Rathkopf, Law of Zoning c. 66, pp. 66.6-8 (3d ed. 1966); 2 Metzenbaum, Law of Zoning § X-a-1, p. 1027 (2d ed. 1955, Supp. 1966); 8A McQuillin, Municipal Corporations § 25.355, pp. 506-507 (3d ed. 1965). It was applied in a number of decisions including Town of Lincoln v. Cournoyer, 95 R.I. 280, 186 A.2d 728 (Sup. Ct. 1962); 765 East 166th Street Corp. v. Boysland Realty Co., 16 Misc.2d 566, 184 N.Y.S.2d 722 (Sup. Ct. 1959); City Bank Farmers Trust Co. v. Short, 203 Misc. 979, 120 N.Y.S.2d 574 (Sup. Ct. 1953); Goodhart v. Court of Special Sessions, 190 Misc. 572, 74 N.Y.S.2d 125 (Sup. Ct. 1947) affirmed without opinion 77 N.Y.S.2d 149 (App. Div. 1948); Carpenter v. Grab, 257 App. Div. 860, 12 N.Y.S.2d 906 (App. Div. 1939), leave to appeal denied 281 N.Y. 885, 24 N.E.2d 27 (Ct. App. 1939).
The decision in City of Atlantic City v. LeBeck, 124 N.J.L. 310 (Sup. Ct. 1940), is supportive of the determinations herein. In that case the municipal superintendent of buildings was by the zoning ordinance charged with the duty of enforcing it. "He had no power to delegate his authority." Complaint was made by him "to his own knowledge" charging a violation. At trial it appeared that he had no such knowledge. The Supreme Court sustained the ruling of the Common Pleas Court reversing the judgment of the Recorder's Court.
Consideration was also accorded Lanni v. City of Bayonne, 7 N.J. Super. 169 (App. Div. 1950), involving an appeal by plaintiff from a District Court judgment denying recovery of a fine imposed upon and paid by a zoning ordinance violator against whom plaintiff had complained following the municipality's refusal to act. It does not appear whether a particular official had been delegated to enforce the ordinance thus qualifying a private citizen to proceed. In any event the point *399 determinative here, seems not to have been raised either in the Municipal or District Court.
An aggrieved party is not without recourse. He may in a single civil action if warranted by the facts and applicable law join claims for injunction and relief in lieu of mandamus. Garrou v. Teaneck Tryon Co., 11 N.J. 294, 301-305, 35 A.L.R.2d 1125 (1953); 8A McQuillin op. cit. supra § 25.351. Judicial process is denied private parties in other settings a cursory appraisal of which might tend to suggest its availability. Illustrative is the case of Humble Oil Refining Co. v. Wojtycha, 48 N.J. 562 (1967), holding that there is reserved "to the Attorney General as spokesman for the public the sole authority to question the legal existence of an established municipal corporation." (Citations omitted.)
The Municipal Court was and this court is without jurisdiction to try defendant on the complaint as was Ondish without right to make it.
Respondent argues that the appeal to this court conferred jurisdiction by virtue of R.R. 3:10-10(b) which operates as a waiver of all defects in the record, including any defect in, or absence of any process or charge laid in the complaint. There is however an important single exception: lack of jurisdiction in the municipal court. State v. Osborn, 32 N.J. 117, 121-122 (1960); State v. Jordan, 86 N.J. Super. 585, 593 (App. Div. 1965); State v. Hulsizer, 42 N.J. Super. 224, 228 (App. Div. 1956).
It is accordingly ordered that the complaint be and hereby is dismissed, the conviction in the trial court set aside and the fine paid by defendant returned. R.R. 3:10-10(e).