98 N.J. Super. 466 (1967)
237 A.2d 648
STATE OF NEW JERSEY, (TOWNSHIP OF EDISON), PLAINTIFF-RESPONDENT,
v.
CHRIS SEICH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Middlesex County Court, Criminal Division.
Decided December 19, 1967.
*467 Mr. Joseph A. Dambach for defendant.
Mr. Roland A. Winter for plaintiff.
BREITKOPF, J.D.C. (temporarily assigned).
This matter was tried on the basis of a stipulated set of facts. The court below found defendant guilty of violating section 9A of the Edison Township zoning ordinance in that he maintained and harbored a horse on his premises in the said township. The Municipal Court imposed a fine of $10 and $10 costs, suspended the penalty and allowed defendant six months to correct the violation. Defendant then filed a notice of appeal and a trial de novo was held in the Middlesex County Court. Defendant entered a plea of not guilty. Both plaintiff and defendant have submitted memoranda of law.
*468 The facts stipulated are as follows:
Defendant owns property in the Township of Edison commonly known as 127 Dorothy Avenue. On this property is a one-family residential home. Defendant constructed an accessory building on the extreme rear portion of this lot in the summer of 1967. Prior to that time he had a building in which he stabled a pony, but this structure has since been torn down. He now stables a horse in the new structure. Around the structure itself is a corral for the horse.
The subject premises are located in a Residence "B" zone.
The township building inspector had issued a permit for the construction of the accessory building. Thereafter, the Edison Township Division of Licensing issued a permit or license to defendant for the keeping of a horse on this property. The Edison Township Health Department made an inspection of the premises and found everything to be in order.
On September 15, 1967 an adjoining neighbor, Mary Janisch, signed a complaint in the Municipal Court of the Township of Edison alleging that
"From July 23rd, 1967, to August 18th, 1967, in the Township of Edison, County of Middlesex and State of New Jersey, * * * the defendant did violate Section 9A of the Township Zoning Ordinance, in that he is maintaining and harboring a horse."
Mary Janisch has no official capacity with the township.
Introduced and marked into evidence were three photographs of the accessory building constructed by defendant and the corral surrounding it.
Section 9A of the zoning ordinance sets forth the permitted uses in a Residence "B" zone as follows:
"In any Residence `B' Zone, no building, structure, lot or land shall be used for other than one or more of the following uses, except as provided in Sections 9-B, 9-C and 21.

* * * * * * *
*469 10. Any permitted use in a Residence `A' Zone, as listed in Section 7-A [and in section 6-A by reference (single family detached dwelling; public or parochial school; church or other place of worship; planned residential development; township administrative building, fire station, police station, library, public park, playground, or recreation area, passenger station, enclosed electric substation and local utility line)]."
Section 9C of the zoning ordinance provides for accessory uses in the following manner:
"In any Residence `B' Zone, the following accessory uses shall be permitted:
10. Any accessory use permitted in a Residence `A' Zone, as listed in Section 7-C [and in section 6-C by reference (customary accessory structures or uses; private garage or private parking area; signs; private permanent swimming pool; home professional office).
None of the exceptions as set forth in the ordinance specifically mentions a stable as a permitted use or accessory use.
Defendant first argues that Mary Janisch is a private citizen with no official relationship to the municipality, and therefore the municipal court was without jurisdiction to hear this matter.
He contends that section 23-C of the zoning ordinance provides for its enforcement by the zoning officer who, in the instance of Edison Township, is the building inspector as permitted under the state statute. Defendant points to section 23-C-20 which reads as follows:
"It shall be the duty of the Zoning Officer to enforce the provisions of the State Municipal Zoning Enabling Act (Revised Statutes 40:55-30 through 40:55-51) and the provisions of this ordinance."
and argues that, as a matter of law, under this section only the zoning officer may sign complaints and prosecute violations of the zoning ordinance.
Defendant relies upon the case of Cranford Tp. v. Errico, 94 N.J. Super. 395 (Cty. Ct. 1967), similar on its facts to the case at bar. The court there held that a landowner whose land adjoined defendant's land and who was not authorized *470 by any governmental officer or agency to lodge a complaint against defendant for an alleged zoning law violation, could not institute the prosecution of defendant in the municipal court for alleged zoning violations even though the zoning officer and other municipal officials had denied his request that they do so. The county court held that the municipal court was therefore without jurisdiction to try defendant on the complaint, and the county court was likewise without jurisdiction to try the case on a trial de novo after an appeal to that court.
The court in Cranford Tp. v. Errico held:
"Municipal officials have frequently but not uniformly dealt with the question. Counsel say there is no reported decision by the courts of our State which precisely meets and resolves the problem. This is confirmed by independent research. However, courts of sister states and acknowledged authorities addressed themselves to it and furnished useful precedent."
No other New Jersey cases on this point have been called to the attention of this Court by counsel in their memoranda filed.
The rationale of Cranford Tp. v. Errico seems to be that it is desirable that the enforcement of zoning ordinances be left to the sole authority of a specific official charged with this duty, whose expertise in the matter of construction, land and building uses, knowledge of building codes and zoning ordinances, access to records, together with his familiarity with the properties of the community, better qualify him to determine compliances or infractions. The court there noted that this may protect the courts against unnecessary and unwarranted litigation and protect landowners against harassment, and further found that, all in all, it supplies a more orderly procedure. It further found that an aggrieved party can always bring a civil action to obtain relief in lieu of mandamus, thereby obtaining a court order to the building inspector, zoning officer or other enforcement official in order to force action where warranted.
*471 The reasoning in Cranford Tp. v. Errico commends itself to this court and is persuasive. However, a matter such as this is at least quasi-criminal in nature. In all prosecutions of this type the State is the prosecuting party and it does not matter whether the building inspector or other zoning officer or a private citizen signs a criminal complaint. This being so, to differentiate between these prosecutions and any other of the criminal or quasi-criminal prosecutions which take place in the municipal courts of the State of New Jersey seems unnecessary and unwise. If the State, or a municipality as a creature of the State, is the prosecuting party, it controls the prosecution of the case. No individual complaining witness can act in the name of the people.
There can be no question of the jurisdiction of a municipal court to entertain and decide cases involving a violation of municipal ordinances, and that jurisdiction is invoked by the filing of a complaint in that court. The fact that the zoning ordinance makes the zoning officer, in this case the building inspector, responsible to enforce the provisions of the act, does not, in the opinion of this court, make it his exclusive province. To do so might confer upon this administrative or executive officer almost judicial authority to decide the validity of his own prior decision. The ordinance does not by its terms exclude the right of others to initiate by complaint the prosecution by the State of a violation. The testimony of the building inspector or other zoning officer or enforcement official should be available in the municipal court at the trial, and his skill and expertise would be presented for the consideration of the judge hearing the matter. The question as to whether or not he signed the original complaint which initiated the proceedings does not appear to this court to be essential. It is not necessary for the individual who signs a complaint to show some special damage over and above the public injury since the matter is not prosecuted for damages on behalf of a complaining witness, but is prosecuted for the violation of a public ordinance in a quasi-criminal *472 matter in the name of the State or its creature, the municipality.
The second question raised and to be determined by this court is whether or not the building in question is in violation of the zoning ordinance.
The geographical area with which this case is concerned is a one-family Residence "B" zone. Customary accessory structures or uses are allowed. This court does not agree that a stable for a pony with a corral around the stable area, no matter how admirably constructed (as this one is), is a proper accessory use under the township zoning ordinance. See Village of Old Westbury v. Hoblin, 141 N.Y.S.2d, 186 (Sup. Ct. 1955); Pratt v. Building Inspector of Gloucester, 330 Mass. 344, 113 N.E.2d 816; Mass. Sup. Jud. Ct. (1953).
In days not too long gone by and upon which some may look with fond recollection, this might not have been the case, but in this age of the automobile the former faithful mode of transportation has become a creature of sport and leisure and not of customary accessory use.
Defendant also argues that the fact that the Edison Township Health Department inspected the premises and found everything in order, and the further fact that the Edison Township Division of Licensing issued a permit or license to the defendant for the keeping of a horse would, by reason of the incorporation in the zoning ordinance of section 23-B-10 setting forth the relation of the ordinance to other provisions of law, mentioning the health code, represent the approval of maintaining this accessory use. This Court cannot accept this argument. The fact that the conditions under which the animal is kept comply with other codes in the Township of Edison does not, of itself, allow what would otherwise be a violation of the zoning ordinance.
Defendant argues lastly that on the basis of principles of equity, the township should be estopped from complaining of his use of the property in this manner by reason of the building inspector's issuing a building permit, and by further *473 reason that defendant has acted in good faith throughout this matter. This is a quasi-criminal proceeding. In such a matter what is actually occurring is the balancing of the public interest against the private interest. The public's interest in the maintenance of zoning has been established beyond the necessity of further opinion by this court.
It is accordingly the judgment of this court that the defendant is guilty of violating section 9A of the township zoning ordinance by reason of the maintenance and harboring of a horse upon his premises. This court imposes a fine of $10 and $10 costs below, both of which are suspended, and imposes $7.75 costs on appeal. The suggestion of the municipal court judge that the violation be corrected within six months seems a reasonable one unless a variance from the terms of the zoning ordinance is applied for and obtained.