620 P.2d 892

**CITY OF SANTA FE, Plaintiff–Appellee,**

v.

**Carl BAKER, Defendant–Appellant.**

**No. 4727.**

Court of Appeals of New Mexico.

Nov. 26, 1980.

Joseph A. Roberts, Santa Fe, for defendant–appellant.

Frank R. Coppler, Santa Fe, for plaintiff–appellee.

## OPINION

HENDLEY, Judge.

The defendant appeals his conviction of violating § 28–21.04 of Ordinance No. 1962–19 of the City of Santa Fe. This appeal is from a trial de novo in district court after a proceeding in the municipal court of Santa Fe.

The defendant was found guilty of violating the zoning ordinance, in that he stored or permitted long–term parking, either on a continuous or intermittent basis, of commercial or industrial vehicles. The complaint was filed by a private citizen. Defendant raises four issues on appeal, namely: (1) whether the court lacked jurisdiction of the subject matter because the complaint was filed by a private citizen; (2) whether the court erred in failing to apply the defense of active construction projects; (3) whether the court erred in not granting a directed verdict; and (4) whether the judgment of the district court was beyond its powers.

*Jurisdiction*

Section 3–21–10, N.M.S.A. 1978, states:

A. Sections 3–21–1 through 3–21–14 NMSA 1978, and *any ordinance adopted pursuant to these sections, shall be en-forced, by the zoning authority having jurisdiction, as municipal ordinances are enforced.*

B. In addition, if any building or structure is erected, constructed, reconstructed, altered, repaired, converted or maintained, or any building, structure or land is used in violation of Sections 3–21–1 through 3–21–14 NMSA 1978, or any ordinance adopted pursuant to these sections, the zoning authority may institute any appropriate action or proceedings to:

(1) prevent such unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance or use;

(2) restrain, correct or abate the violation;

(3) prevent the occupancy of such building, structure or land; or

(4) prevent any illegal act, conduct, business or use in or about such premises.

C. The ordinances, rules and regulations together with the officially adopted or district zoning map of the county or municipal zoning authority shall be filed in the respective offices of the county clerk or municipal clerk and shall be available for examination by any citizen.

(Emphasis added.)

This case presents a matter of first impression. Some states have interpreted similar zoning ordinances and have held they could not be prosecuted by private complaint. In *City of New Rochelle v. Beckwith*, 197 N.E. 295, 268 N.Y. 315 (1935), the ordinance stated that " 'this ordinance shall be enforced by the building inspector in accordance with the administrative provisions of the building code and of this ordinance.' " The court found that the ordinance, by placing upon the building inspector a duty to enforce its provisions, provided by implication that fines for its violation should be imposed only upon his complaint. The court noted that private citizens often have a special interest in the enforcement of the statute; however, where the duty of enforcement is entrusted solely to a named public officer, private citizens have no au-

thority to file a complaint. The court reasoned that otherwise the provision for fines could be diverted from the intended purpose of enforcement of the zoning ordinance to purposes of annoyance and oppression.

A similar result was reached in *Cranford TP. v. Errico*, 94 N.J.Super. 395, 228 A.2d 555 (1967), where the ordinance provided that enforcement would be by the municipal building inspector known as the zoning officer. In discussing the desirability of committing enforcement of zoning ordinances to the zoning officer, the court discussed the zoning officer's expertise, his ability to notify offenders of violations, and request compliance and the importance of forestalling the institution of unnecessary and unwarranted litigation which unduly burdens the courts and harasses the affected land owners.

In *People v. T. S. Klein Corp.*, 381 N.Y. S.2d 787, 86 Misc.2d 354 (1976), the court was not dealing with an ordinance which was claimed to have given authority only to a public officer, but was dealing with the practice of citizen complaints. The enforcement of the zoning law depended entirely upon the institution of citizen complaints. The court found that, especially in the case of zoning violations, where the alleged violation is open and notorious, it is the obligation of the legal enforcing body to establish an adequate method to ensure that the guaranteed equal protection under the law is met. The court held that institution entirely by citizen complaints denied the defendant equal protection.

In *City of Alamogordo v. Harris*, 65 N.M. 238, 335 P.2d 565 (1959), the court stated:

We believe the rule to be that any one who is a competent witness and has knowledge of the facts may make a complaint or issue a citation in a criminal case or for the violation of a city ordinance.

The court then quoted from 22 C.J.S. Criminal Law § 305, p. 796:

Where a statute restricts the making of a complaint to certain persons it may be made by such persons only; but in the absence of such a statute a complaint may be made by *any person who legally can be a witness* and who has knowledge or information of the violation of the criminal law. (Emphasis added by court.)

The State argues that because § 29–1–1, N.M.S.A. 1978, states that it is the duty of the sheriff and other peace officers to file complaints and because under *Alamogordo, supra*, there is no general limitation on the filing of complaints by citizens, the language in § 3–21–10 only gives the zoning authority power to enforce the ordinance, but does not limit the citizen's right to file complaints. However, § 29–1–1 focuses on the duty of law enforcement officers. Section 3–21–10 focuses on how zoning ordinances are to be enforced. It states that these ordinances shall be enforced by the zoning authority having jurisdiction. The word "shall" is mandatory. *Mantz v. Follingstad*, 84 N.M. 473, 505 P.2d 68 (Ct.App. 1972); *see, State ex rel. Robinson v. King*, 86 N.M. 231, 522 P.2d 83 (1974).

Section 3–21–10 only gives the authority for the enforcement of zoning ordinances to the zoning authority. Therefore, this case falls under the exception to the right of citizens to file complaints listed in *Alamogordo, supra*.

However, the foregoing discussion does not dispose of the matter. In the Clerk's Record, which is before this Court, appears a letter directed to the municipal judge from an attorney which *appears* to authorize the complaint on behalf of the zoning authority. The letter was not considered by the trial court, who assumed it proper for a private citizen to file the complaint. We remand this cause for the purpose of considering the Clerk's Record in light of the foregoing discussion.

We have considered defendant's Points Two and Three and find them to be without merit and answer them summarily. Under Point Two, the exception does not apply. Under Point Three, there was substantial evidence to support the denying of the motion for a directed verdict.

The defendant was given a $300.00 fine, but it was only to be paid if the defendant violates the ordinance again within the next three years. The defendant argues that such a sentence is improper because it exceeds the maximum length of the term of sentence that can be imposed.

 The fine was assessed as a penalty. Prosecution for violation of a municipal ordinance is a quasi–criminal proceeding. *City of Roswell v. Gallegos*, 77 N.M. 170, 420 P.2d 438 (1966). Fines are by nature punitive. As the defendant's prosecution was a quasi–criminal proceeding, the fine imposed must be within the authority of the court under criminal law. Under § 31–20–7, N.M.S.A. 1978, the length of a deferred or suspended sentence cannot exceed the maximum authorized term of imprisonment. Under §§ 3–17–1, N.M.S.A. 1978, the maximum term is 90 days for violation of a municipal ordinance. The court, therefore, had no authority to impose the condition of three years as a probationary period.

Accordingly, the cause is remanded to the trial court to consider the letter contained in the Clerk's Record at page 12. Should the trial court be of the view that this was an authorization on behalf of the zoning authority, then the cause is affirmed and defendant is to be resentenced in accordance with this opinion. Should the trial court be of a contrary view, then the cause is reversed and the defendant is to be discharged.

IT IS SO ORDERED.

WOOD, C. J., and WALTERS, J., concur.