# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-CA-00393-SCT

*CITY OF HOUSTON, MISSISSIPPI*

*v.*

*TRI-LAKES, LIMITED AND JOSEPH PHILLIP YARBROUGH*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/17/93 |
| TRIAL JUDGE: | HON. KENNETH COLEMAN |
| COURT FROM WHICH APPEALED: | CHICKASAW COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES S. GORE |
| ATTORNEY FOR APPELLEES: | KENNETH M. BURNS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 9/12/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/3/96 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. On July 31, 1992, Jerrell Dearman filed an affidavit with the City of Houston. The affidavit alleged that:

> on or about the 30th day of July, 1992, Joseph Phillip Yarbrough did in said City, unlawfully operate an industrial enterprise, to-wit: Tri-Lakes Limited, a Limited Partnership, engaging in the processing of cotton and the manufacturing of products therefrom in a C-3 Highway Commercial Zone as established and defined by the Zoning Ordinance of said City against the peace and dignity of said City.

Soon thereafter, on August 7, 1992, Yarbrough was charged, arraigned, and convicted of the crime alleged in Dearman's affidavit. Yarbrough was ordered to pay a fine of one hundred dollars.

¶2. Yarbrough appealed to the Circuit Court of Chickasaw County. On March 4, 1993, Yarbrough moved the circuit court for a dismissal claiming that, under the Mississippi Code and ordinances of the City of Houston, Dearman did not have standing to initiate criminal proceedings against him for zoning ordinance violations. Yarbrough's motion was heard by the circuit court on March 15, 1993. On March 17, 1993, the circuit court sustained Yarbrough's motion and dismissed the charges and judgment against him.

¶3. On appeal to this Court, the arguments of the parties remain the same. Houston contends that a private party may initiate criminal proceedings for zoning ordinance violations. Yarbrough contends that a private party may not initiate criminal proceedings for zoning ordinance violations because neither the Mississippi Code nor Houston ordinances expressly grant private citizens such right and traditionally, zoning boards and other city representatives have been the only parties capable of initiating such actions.

¶4. The issue before this Court is one of first impression. While we have dealt with writs of mandamus and the initiation of civil actions as they pertain to the enforcement of zoning ordinances, never have we decided who indeed has standing to be able to properly initiate criminal proceedings for the violation of a zoning ordinance.

¶5. First and foremost, it must be noted that the statute at issue today, Miss. Code Ann. § 17-1-19 (1972) is ambiguous.[1] Thus, we must rely upon the rules of statutory construction and the decisions of other jurisdictions to reach a wise decision. The statute provides:

> **§ 17-1-19. Remedies of local governing authorities.**
>
> In case any building or structure is erected, constructed, reconstructed, altered, repaired, converted or maintained, or any building, structure, or land, is used in violation of the zoning law or of any ordinance or other regulation made under authority conferred hereby, the proper local authorities of any county or municipality, in addition to other remedies, may institute any appropriate action or proceedings, to prevent such unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance or use, to restrain, correct, or abate such violation, to prevent the occupancy of said building, structure or land, or to prevent any illegal act, conduct, business, or use in or about such premises.

Miss. Code Ann. § 17-1-19 (1972).

¶6. "In construing statutes, not only the language but the purpose and policy which the Legislature has in view must be considered, and the Court in construing a statute will give effect to such purpose and policy . . . ." *Sheffield v. Reece, Sheriff*, 201 Miss. 133, 143, 28 So. 2d 745, 749 (1947) (citing *Smith v. Chickasaw County*, 156 Miss. 171, 179, 125 So. 96, 98 (1929)). *See also* ***McCullen v. State ex rel. Alexander for Use of Hinds County***, 217 Miss. 256, 270, 63 So. 2d 856, 861 (1953). "In construing statutes, the chief desire of the courts is to reach the real intention of the Legislature, and knowing this to adopt that interpretation which will meet the real meaning . . . ." *Zeigler v. Zeigler*, 174 Miss. 302, 310, 164 So. 768, 770 (1935). *See also* ***McCullen***, 217 Miss. at 270-71, 63 So. 2d at 861. "Legislative intent as an aid to statutory construction, although often elusive to the perception of unaided vision, remains nevertheless the pole star of guidance." *Quitman County v. Turner*, 196 Miss. 746, 759, 18 So. 2d 122, 124 (1944). *See also* ***McCullen***, 217 Miss. at 271, 63 So. 2d at 861.

> Notwithstanding the general rule against the enlargement or extension of a statute by construction, the meaning of a statute may be extended beyond the precise words used in the law, and words or phrases may be altered or supplied, where this is necessary to prevent the law from becoming a nullity.

50 Am. Jur. *Statutes* § 357 (1944) *See also **McCullen***, 217 Miss. at 272, 63 So. 2d at 861.

¶7. The purpose behind the imposition of zoning ordinances and their enforcement can be seen in the Mississippi Code. Section 17-1-3 provides: "For the purpose of promoting health, safety, morals, or the general welfare of the community . . . ." Miss. Code Ann. § 17-1-3 (1972). Section 17-1-9 provides:

> ### § 17-1-9. Purposes in view.
>
> Zoning regulations shall be made in accordance with a comprehensive plan, and designed to lessen congestion in the streets; to secure safety from fire, panic and other dangers; to provide adequate light and air; to prevent the overcrowding of land; to aviod [sic] undue concentration of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements. Such regulations shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings, and encouraging the most appropriate use of land throughout such municipality.

Miss. Code Ann. § 17-1-9 (1972). With respect to these provisions, neither party attempts to argue, one way or the other, why a private party's standing to initiate criminal proceedings to enforce zoning ordinances could or could not aid or help in the achievement of these purposes or goals. Furthermore, we have yet to speak on these purposes and whether a private party could assist in their furtherance. Thus, this Court sees no reason why a private party's participation in the criminal enforcement of zoning ordinances would not further the statutory purposes and legislative intent as provided in the Mississippi Code. However, this is not the be all and end all of this Court's inquiry as other rules of statutory construction and the law of other jurisdictions must be considered before a conclusion is reached on such a delicate issue.

¶8. Houston contends that since the statute does not expressly deny private citizens the right to initiate criminal proceedings, such right is implicitly included within its meaning. In essence, Houston is asking this Court to construe the statute as if it read, "conferred hereby, the proper local authorities of any county or municipality [*or any other interested party*], in addition to other remedies, may institute any appropriate action . . . ." Miss. Code Ann. § 17-1-19 (1972). This we cannot do.

¶9. "[P]resumptions are indulged against . . . inadvertent omissions or oversights, or . . . against legislation by implication . . . ." 82 C.J.S. *Statutes* § 316(a) (1953) (noting ***Seward v. Dogan***, 198 Miss. 419, 21 So. 2d 292 (1945)) (other footnotes omitted). In sum, this Court cannot omit or add to the plain meaning of the statute or presume that the legislature failed to state something other than what was plainly stated. Thus, we are not justified in concluding that the legislature intended, but forgot, to include private parties in the list of those who may institute proceedings to enforce zoning ordinances.

¶10. This is supported by other jurisdictions who have been presented with ambiguous statutes or ordinances like ours.[2] Yarbrough cites several cases, some of which adequately display the position of those jurisdictions who have also addressed the issue before this Court.

¶11. The State of New York was the first to address this issue in ***City of New Rochelle v. Beckwith***,

197 N.E. 295 (N.Y. 1935). Here, the Court of Appeals of New York addressed an ambiguous[3] zoning ordinance.[4] The criminal proceedings were brought upon the complaint of a private party. The court noted that although the city was named as the plaintiff in the action, it did not appear that the proceedings were instituted at the direction of an authorized city official. The court dismissed the complaint stating that the trial court "was without jurisdiction to impose any fine where the proceedings for the enforcement of the ordinance are brought by a private citizen." *Id*. at 296. *See also* A.M.S., Annotation, *Right of private citizen or property owner to maintain action for penalty prescribed for violation of zoning ordinance or statute*, 100 A.L.R. 994 (1936).

¶12. This issue arose again in ***Goodheart v. Court of Special Sessions of City Court of Yonkers***, 74 N.Y.S.2d 125 (N.Y. Sup. Ct. 1947), *aff'd*, 77 N.Y.S.2d 149 (N.Y. App. Div.), *leave to appeal denied*, 78 N.Y.S.2d 768 (N.Y. App. Div. 1948), this time addressing an ambiguous ordinance of the City of Yonkers.[5] The Supreme Court, Special Term, Westchester County, Part I ruled that "no information by a private citizen charging a violation of the Code can confer jurisdiction of the violation charged on the Yonkers City Court." *Id*. at 127. The court continued, stating the policy behind its decision and the decision in ***City of New Rochelle,*** *supra*:

> The wisdom of the policy adopted in City of New Rochelle . . . is emphasized by the determination of the Building Department here after inspection that there is no violation by the petitioner. If respondents are correct, the petitioner can be subjected nevertheless, to the expense, harassment, humiliation, and inconvenience of a criminal prosecution although the City Department charged with supervision and enforcement of the ordinance allegedly violated finds no violation by the petitioner. *She might even be convicted.*

*Id*. (emphasis added). *See also* Yarbrough's Oral Argument. New York courts have since adhered to this position.[6]

¶13. In 1962, Rhode Island became the next State to address the issue in ***Town of Lincoln v. Cournoyer***, 186 A.2d 728 (R.I. 1962). Here, the Supreme Court of Rhode Island was asked to construe two (2) ambiguous statutes, in the General Laws of Rhode Island,[7] in addressing "whether, in view of the language of § 45-24-7 . . ., the superior court has jurisdiction to enter any order designed to compel them to comply with the terms of the zoning ordinance pursuant to the motion of anyone but the town acting through the town solicitor." *Id*. at 730-31. Like § 17-1-19 of the Mississippi Code, these two (2) statutes purport to address who is authorized to enforce ordinance violations. The court concluded:

> These provisions set out in §§ 45-24-6 and 45-24-7 of the enabling act conferred upon the local legislature authority to invoke such judicial assistance by the institution of an appropriate proceeding in the name of the municipality through the action of the city or town solicitor. It is our opinion that in so doing the legislature intended to limit the exercise of jurisdiction by the courts in the enforcement of zoning ordinances to such proceedings only as were brought in the name of the municipality by its designated municipal legal officer. We are also of the opinion that the legislature, in so doing, contemplated excluding individual landowners from the institution of unnecessary and unwarranted litigation that could serve only to unduly burden the courts and to distress and harass the affected landowners.

*Id*. at 731. *See Id*. at 731-32. The Supreme Court of Rhode Island has also since closely adhered to

this position.[8]

¶14. New Mexico addressed the issue in 1980 in *City of Santa Fe v. Baker*, 620 P.2d 892 (N.M. Ct. App. 1980). In *City of Santa Fe*, the Court of Appeals of New Mexico was required to construe an ambiguous statute regarding zoning enforcement.[9] The court stated:

> In *City of Alamogordo v. Harris*, 65 N.M. 238, 335 P.2d 565 (1959), the court stated:
>
> We believe the rule to be that any one who is a competent witness and has knowledge of the facts may make a complaint or issue a citation in a criminal case or for the violation of a city ordinance.
>
> . . . .
>
> [But, s]ection 3-21-10 only gives the authority for the enforcement of zoning ordinances to the zoning authority. Therefore, this case falls under the exception to the right of citizens to file complaints listed in *Alamogordo, supra.*

*City of Santa Fe*, 620 P.2d at 894. The court's holding in *City of Santa Fe* is further explained in *State v. Watkins*, 724 P.2d 769, 771 (N.M. Ct. App. 1986).

¶15. However, the New Jersey Courts have provided the most detailed and controversial renditions of this issue. In *Township of Cranford v. Errico*, 228 A.2d 555 (Union County Ct. 1967), Yarbrough's primary case authority, the Union County Court was faced with construing New Jersey's ambiguous statute on the enforcement of zoning ordinances.[10] After noting that no government officer or agency authorized the private party to file the criminal complaint, the court stated:

> The desirability of committing enforcement of a zoning ordinance to the sole authority of a zoning officer who in this case is also the building inspector, commends itself.
>
> His expertise with respect to all manner of construction, land and building uses, knowledge of building codes, zoning law and ordinances, ready access to and comprehension of official records and familiarity with the character and history of most if not all properties in the community, more fully qualify him than a layman to determine compliance or infraction. He instantly knows whether that which may appear to be, is not in fact a violation because sanctioned by a variance grant or pre-existing nonconforming use or by reason of other circumstances.
>
> He notifies offending owners of violations, requesting compliance within a stated reasonable time. He will not, unless impelled by special circumstances, charge a separate offense for each day of a continuing violation.
>
> Exclusive enforcement authority forestalls institution by others of unnecessary and unwarranted litigation which unduly burdens courts and harasses affected landowners.
>
> . . . .
>
> The Municipal Court was and this court is without jurisdiction to try defendant on the complaint as was Ondish without right to make it.

*Id*. at 556, 558. Therefore, the court reversed the defendant's conviction of zoning law violations and dismissed the complaint. *Id*. at 558.

¶16. Almost nine (9) months later, in the Middlesex County Court, in ***State v. Seich***, 237 A.2d 648 (Middlesex County Ct. 1967), came to a different conclusion. In upholding a conviction of zoning law violations, the court reasoned:

> In all prosecutions of this type the State is the prosecuting party and it does not matter whether the building inspector or other zoning officer or a private citizen signs a criminal complaint. This being so, to differentiate between these prosecutions and any other of the criminal or quasi-criminal prosecutions which take place in the municipal courts of the State of New Jersey seems unnecessary and unwise. If the State, or a municipality as a creature of the State, is the prosecuting party, it controls the prosecution of the case. No individual complaining witness can act in the name of the people.
>
> There can be no question of the jurisdiction of a municipal court to entertain and decide cases involving a violation of municipal ordinances, and that jurisdiction is invoked by the filing of a complaint in that court. The fact that the zoning ordinance makes the zoning officer, in this case the building inspector, responsible to enforce the provisions of the act, does not, in the opinion of this court, make it his exclusive province. To do so might confer upon this administrative or executive officer almost judicial authority to decide the validity of his own prior decision. The ordinance does not by its terms exclude the right of others to initiate by complaint the prosecution by the State of a violation. The testimony of the building inspector or other zoning officer or enforcement official should be available in the municipal court at the trial, and his skill and expertise would be presented for the consideration of the judge hearing the matter. *The question as to whether or not he signed the original complaint which initiated the proceedings does not appear to this court to be essential.* It is not necessary for the individual who signs a complaint to show some special damage over and above the public injury since the matter is not prosecuted for damages on behalf of a complaining witness, but is prosecuted for the violation of a public ordinance in a *quasi*-criminal matter in the name of the State or its creature, the municipality.

*Id*. at 650-51 (emphasis added). Clearly, this case presents a different proposition and viewpoint than the other cases, *supra.* In addition, the rationale in ***Seich*** was seemingly adopted by the New Jersey State Legislature in 1975 when § 40:55-47 was repealed and recodified in § 40:55D-17. *See* N.J. Stat. Ann. § 40:55-47 (West 1991). Section 40:55D-17 provides that "the proper local authorities of the municipality *or an interested party*, in addition to other remedies, may institute any appropriate action or proceedings to prevent" zoning ordinance violations. N.J. Stat. Ann. § 40:55D-17 (West 1991 & Supp. 1996) (emphasis added). In a criminal or quasi-criminal setting, an "interested party" includes "any citizen of the State of New Jersey." N.J. Stat. Ann. § 40:55D-4 (West 1991 & Supp. 1996).

¶17. Nevertheless, the case law in the District of Columbia, New Jersey, New Mexico, New York, and Rhode Island is still good law and the statutes in New Mexico, Rhode Island, and Mississippi have remained unchanged and have not expressly conferred standing upon private citizens wishing to initiate criminal proceedings to enforce zoning ordinances.

¶18. The statutory construction of § 17-1-19 and the overwhelming weight of the case authority on this issue undoubtedly favor a narrow reading of the statute. The rationale provided by the New York courts and the Union County Court in New Jersey certainly support such a reading. Thus, only local governing authorities and the proper local authorities of any county or municipality may initiate criminal proceedings for zoning ordinance violations. Hence, the ordinances of the City of Houston, making enforcement of the zoning ordinances the sole province of the Zoning Administrator, are not inconsistent or conflicting with § 17-1-19.

¶19. Therefore, the circuit court properly dismissed the criminal complaint and private citizens do not have standing to initiate criminal proceedings for the enforcement of zoning ordinances.

¶20. **AFFIRMED**.

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, ROBERTS AND SMITH , JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY. MILLS, J., NOT PARTICIPATING.**

1. As the parties contend, the statute neither expressly grants nor denies private parties the right to initiate criminal proceedings for zoning ordinance violations.

2. The District of Columbia, New Jersey, New Mexico, New York, and Rhode Island have also spoken on this issue. The District of Columbia has spoken only briefly and comparatively in *Cook v. James E. Griffith, Inc.*, 193 A.2d 427 (D.C. 1963), addressing an action by a private party alleging failure of defendant to perform plumbing work in accordance with District of Columbia code provisions. In its opinion, the court stated "[i]f it violated any provision of the Act it was subject to penalties by criminal prosecution instituted by the District of Columbia. Code 1961, § 2-1408. Appellant, in effect, is attempting to impose on appellee a penalty not authorized by law and this he cannot do." *Id*. at 428 (noting *Cf. City of New Rochelle v. Beckwith*, 197 N.E. 295 (N.Y. 1935)).

3. As indicated in n.1, *supra*, an ambiguous statute or ordinance, for purposes of this memo and the issue before this Court, is one that neither expressly grants nor denies private parties the right to initiate criminal proceedings for zoning ordinance violations.

4. The ordinance provided that "'this ordinance shall be enforced by the building inspector in accordance with the administrative provisions of the building code and of this ordinance.'" *City of New Rochelle*, 197 N.E. at 295 (citation to city ordinance excluded by court).

5. The ordinance provided that "'Article 27 Enforcement of Code, Section 229. Enforced by the Department of Buildings. This ordinance shall be enforced by the Department of Buildings' . . . ." *Goodheart*, 74 N.Y.S.2d at 127 (citing Yonkers, N.Y., Building Code, art. 27, § 29).

6. *People v. Gruenberg*, 324 N.Y.S.2d 372 (N.Y. Crim. Ct. 1971); *765 East 166th St. Corp. v. Boysland Realty Corp.*, 184 N.Y.S.2d 722, 723 (N.Y. Sup. Ct. 1959); *City Bank Farmers Trust Co. v. Short*, 120 N.Y.S.2d 574, 576 (N.Y. Sup. Ct. 1951), *aff'd*, 129 N.Y.S.2d 225 (N.Y. App. Div. 1954); *Carpenter v. Grab*, 12 N.Y.S.2d 906, 907 (N.Y. App. Div. 1939).

7. *See* R.I. Gen. Laws §§ 45-24-6 to -7 (1956) (repealed 1993).

8. ***O'Neill v. Carr***, 522 A.2d 1213, 1214 (R.I. 1987); ***Zeilstra v. Barrington Zoning Bd. of Review***, 417 A.2d 303, 309 (R.I. 1980); ***Town of Coventry v. Hickory Ridge Campground, Inc.***, 306 A.2d 824, 828-29 (R.I. 1973); ***Hassell v. Zoning Board of Review of the City of East Providence***, 275 A.2d 646, 648-49 (R.I. 1971); ***Mauran v. Zoning Bd. of Review of City of Cranston***, 247 A.2d 853, 856 (R.I. 1968); ***Bertrand v. Zoning Bd. of Review of Town of Burrillville***, 207 A.2d 604, 606 (R.I. 1965).

9. *See* N.M. Stat. Ann. § 3-21-10 (Michie 1978 & 1995 Repl.).

10. See N.J. Stat. Ann. § 40:55-47 (prior to 1969 amendment), *repealed by* L.1975, c. 291, § 80, eff. Aug. 1, 1976.