335 P.2d 565

CITY OF ALAMOGORDO, Plaintiff-Appellee,

v.

Charles F. HARRIS, Defendant-Appellant.

No. 6411.

Supreme Court of New Mexico.

Feb. 11, 1959.

C. C. Chase, Jr., Alamogordo, for appellant.

Brenton, Boyce & Wilkinson, J. J. Wilkinson, Alamogordo, for appellee.

LUJAN, Chief Justice.

This was an action for the violation of a city ordinance, originally brought and tried before the police judge of the city of Alamogordo, New Mexico. The accusation was that the defendant parked his car in a restricted zone in said city contrary to Ordinance No. 185, Section 117. He was found guilty and a fine was assessed against him. From this judgment he appealed to the district court of Otero County. On trial in the district court the defendant was found guilty of violating the above numbered ordinance and ordered to pay a fine in the sum of $25, from which order he perfects this appeal.

Counsel for the respective parties stipulated to the following facts:

"That on the 17th day of August, 1957, Charles Harris, parked his automobile on the south side of the street which runs east

and west past the post office, which is Eleventh Street, within twenty feet of the cross-walk on the easterly side of said block; that there is a city ordinance which prohibits parking within twenty feet of any cross-walk and that Mr. Harris stopped his automobile there while he ran across to the post office to check his mail; and upon returning he was handed a citation by the City Police Officer, Wanda Napier, and that he refused to take the citation and got in his car and drove on; that approximately 11 or 12 days after, on the 28th day of August, 1957, a complaint was filed in the police court, an affidavit signed by Wanda Napier, charging the defendant with parking in a restricted zone, insulting an officer, and violation of the ordinance No. 79, Section 4, which relates to failure to appear and answer a citation; that subsequent to the signature of this complaint, a warrant was issued for the arrest of Mr. Harris and was served on him, he was not actually placed under arrest, but it was served on him; that on the 5th day of September a hearing was held in police court and at the conclusion of plaintiff's case, a motion was made to dismiss on the grounds that the complaint was signed by a minor, that she had no legal capacity to execute such a complaint on which a warrant was based; that motion was overruled by the court, a fine of $25.00 assessed and the defendant appeals to the district court."

Defendant-appellant contends that the trial court erred in overruling his motion to dismiss the complaint on the grounds that the police officer issuing the citation was not legally competent to execute the same and that she was not legally competent to execute an affidavit for the issuance of a warrant for the arrest of the appellant. We do not agree with this contention.

We believe the rule to be that any one who is a competent witness and has knowledge of the facts may make a complaint or issue a citation in a criminal case or for the violation of a city ordinance.

It is said in 22 C.J.S. Criminal Law § 305 p. 459 that:

"Where a statute restricts the making of a complaint to certain persons it may be made by such persons only; but in the absence of such a statute a complaint may be made by *any person who legally can be a witness* and who has knowledge or information of the violation of the criminal law." (Emphasis ours)

Section 20–1–8 of 1953 Compilation provides:

"Hereafter in the courts of this state *no person* offered as a witness shall be disqualified to give evidence on account of any disqualification known to the common law, but all

such common-law disqualifications may be shown for the purpose of affecting the credibility of any such witness and for no other purpose: Provided, however, that the presiding judge, in his discretion, may refuse to permit a child of *tender* years to be sworn, if, in the opinion of the judge, such child has not sufficient mental capacity to understand the nature and obligation of an oath."

And Section 21–1–1(4) (e) of 1953 Compilation, provides:

"Summons—How Served. (1) In civil causes summons and copy of complaint may be served by the sheriff of the county where the defendant may be found, or by any other person not a party to the action, over the age of eighteen [18] years. * * *"

Applying the foregoing rules of the instant case, we are of opinion, and so hold, that Wanda Napier, a nineteen year old minor could legally serve citations; was fully capable to properly evaluate the facts which came to her personal knowledge, and was legally competent to establish the charges complained of.

Finding no reversible error the judgment of the district court is affirmed.

It is so ordered.

SADLER, McGHEE, COMPTON and CARMODY, JJ., concur.