507 P.2d 983

**ASHTON COMPANY, INC., Petitioner,**

**v.**

**The Honorable Joe JACOBSON, Judge, Pima County Superior Court, Respondent;**

**STATE of Arizona ex rel. Dennis DeCONCINI, Pima County Attorney, Real Party In Interest.**

**No. 2 CA–CIV 1384.**

Court of Appeals of Arizona, Division 2.

March 28, 1973.

Rehearing Denied May 2, 1973.

Review Denied June 5, 1973.

Robertson, Molloy, Fickett & Jones, P. C., by Michael J. Meehan, Tucson, for petitioner.

Dennis DeConcini, Pima County Atty., by A. Bates Butler, III, Deputy County Atty., Tucson, for real party in interest.

HOWARD, Judge.

Does the County Attorney of Pima County have authority to institute a criminal prosecution for alleged violations of provisions of the Air Pollution Control Act concerning portable machinery without prior authorization or direction by the State Division of Air Pollution Control? That is the question raised in this special action by petitioner Ashton, defendant in a criminal proceeding below. Since appellate intervention is appropriate to prevent a lower court from proceeding without jurisdiction, and no appeal lies from a denial of a motion to quash, we assume jurisdiction.

On February 7, 1972, petitioner applied to the Arizona State Department of Health, Pollution Control Division, for installation and operating permits for two hot plants to be used in processing materials for repaving the main runway at Tucson International Airport. It received installation permits for the two plants on February 18, 1972, and after inspection thereof, the State Department, on March 23rd and 24th, notified petitioner of denial of the operating permits because of dust emission observed during inspection. A few days later, petitioner notified the Department that the deficiencies had been corrected and requested re-inspection and issuance of operating permits. Notwithstanding this request, no inspection was conducted and on April 6, 1972, a cease and desist order was issued. On receipt of the order, petitioner filed a request for public hearing pursuant to A.R.S. § 36-1707.03.

On June 2, 1972, the Pima County Attorney filed a direct information in superior court, which was subsequently amended, charging petitioner with ten violations under Title 36, Chapter 14, Arizona Revised

Statutes. Petitioner filed a motion to quash the information alleging as grounds therefor that the subject matter of the alleged offenses was portable equipment under the exclusive control and jurisdiction of the State Division of Air Pollution Control and that such Division had not directed or authorized criminal prosecution. The lower court did not agree with petitioner's construction of the Air Pollution Control Act and denied the motion to quash.

The County Attorney concedes that no complaint was filed by the State Division and that the criminal charges were based on air pollution by portable machinery capable of being operated in more than one county. His position, however, is that under A.R.S. § 11–532, as amended, he is charged with the duty to institute criminal proceedings when he has information that state laws have been violated and that it is his decision alone whether or not to prosecute, regardless of who complains of a violation of state law. Therefore, according to him, and apparently the lower court agreed, his prosecutorial discretion is not limited by the provisions of the Air Pollution Control Act. Our analysis of the Act leads us to a contrary conclusion.

A.R.S. § 36–1700 expresses the legislative intention in part:

"The legislature further intends to place primary responsibility for air pollution control and abatement in the state department of health and the hearing board created thereunder. However, counties shall have the right to control local air pollution problems as specifically provided herein."

A.R.S. § 36–1706 delineates the respective state and county authority. As to air pollution by mobile machinery and equipment capable of being operated in more than one county, the division of Air Pollution Control in the Department of Health and the state hearing board are vested with "original jurisdiction and control" over air pollution matters, permits, and violations pertaining to such machinery and equipment. It further provides for additional assertion of state jurisdiction and control when ordered by the state director and that such "state authority shall then be the sole and exclusive jurisdiction and control to the extent asserted" until relinquished.

A.R.S. § 36–1709 provides:

"When the director has reasonable cause to believe that any person is violating any provision of this chapter or any rule or regulation adopted pursuant to this chapter or any requirement of an operating or conditional permit issued pursuant to this chapter, he may forthwith serve upon such person by registered or certified mail or in person an order of abatement *or may file a complaint alleging violation* pursuant to § 36–1720, or both. The order shall state with particularity the act being done that constitutes the violation, shall state in its entirety the certain requirement, provision or rule or regulation being violated, and that the alleged violator is entitled to a hearing, if such hearing is requested in writing within twenty days after the date of issuance of the order. The order may be conditional and require a person to refrain from the particular acts unless certain conditions are met. . . ." (Emphasis added)

A.R.S. § 36–1720 provides:

"A. Any person who violates any provision of this article or any rule or regulation adopted pursuant to this article or any effective order of abatement issued pursuant to the article is guilty of a misdemeanor punishable by imposition of a fine of not less than fifty dollars or more than one thousand dollars per day for each day the violation continues. Each day of violation shall constitute a separate offense.

B. Any person who violates any provision of article 8, chapter 6, of this title or any rule or regulation adopted pursuant to such article or any effective order of abatement issued pursuant to such

article is subject to penalties prescribed in § 36–789.01, notwithstanding the fact that such provisions, rules, regulations or orders of abatement are being enforced by the division pursuant to § 36–1706.
. . ."

A.R.S. § 36–1718.01 recites that the purpose of Article 1 is to provide additional and cumulative remedies and it is not intended "to abridge or alter rights of action or remedies in equity under the common law or statutory law, criminal or civil".

■ Generally speaking, any person who has reasonable grounds for believing that another has committed a crime may complain against the offender. Erdman v. Superior Court of Maricopa County, 102 Ariz. 524, 433 P.2d 972 (1967). However, where a statute restricts the making of a complaint to certain persons, only such persons may do so. City of Alamogordo v. Harris, 65 N.M. 238, 335 P.2d 565 (1959); 22 C.J.S. Criminal Law § 305 (1961). A.R.S. § 36–1709, supra, authorizes the director of the Division of Air Pollution Control to file a complaint and A.R.S. § 36–1706 vests original jurisdiction and control in the State Division over violations pertaining to mobile machinery and equipment such as is involved in the instant case. We believe, construing the Act as a whole, that it evinces a legislative purpose that enforcement of matters confined to the original jurisdiction of the State Division be left to that administrative body. In other words, in order to ensure the accomplishment of the Act's avowed purpose, i. e., regulation of air polluting activities "in a manner that insures the health, safety and general welfare of all of the citizens of the state", the state director should be the sole arbiter of whether or not to impose criminal sanctions. That the legislature did not intend for this decision to be made by the county attorney is further borne out by the fact that A.R.S. § 36–1718.01 permits him to prosecute for violations of other criminal statutes.

Chapter 6, Article 8 of Title 36, contains the legislative scheme for county control of local air pollution problems. However, as noted above, A.R.S. § 36–1720, subsec. B permits local enforcement of penalties for violation of Article 8, Chapter 6 or any rule or regulation adopted pursuant to such article or any effective order of abatement issued pursuant thereto notwithstanding the fact that such provisions, rules, regulations or orders are being enforced by the state division. In contrast, subsection A of the same statute is silent as to local enforcement for violations as to matters within the jurisdiction of the state division. Additionally, A.R.S. § 36–789.01 specifically authorizes peace officers, the county control officer and deputy control officer to issue citations for violations. Article 1, Chapter 14, of Title 36 contains no analogous authority.

■ When an administrative board is charged with the duty of enforcing certain laws, the county attorney cannot enforce violation thereof without authorization from such board. 27 C.J.S. District and Prosecuting Attorneys § 12(5). We believe this principle applies to the facts presented here. Since the county attorney had no authority to file the information, petitioner's motion to quash should have been granted. Rule 169, subd. A, par. 3(c), Rules of Criminal Procedure, 17 A. R.S.

The lower court is directed to enter an appropriate order not inconsistent herewith.

HATHAWAY, C. J., and KRUCKER, J., concur.