BOROUGH OF BAY HEAD, PLAINTIFF-RESPONDENT, v.
ALLAN D. MACFARLAN, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 24, 1986—Decided March 25, 1986.

Before Judges FURMAN, PETRELLA and ASHBEY.

*Richard H. Woods* argued the cause for appellant.

*Michael E. Wilbert* argued the cause for respondent (*Wilbert & Montenegro*, attorneys; *Robert A. Fall*, on the brief).

The opinion of the court was delivered by

PETRELLA, J.A.D.

The principal issue on this appeal is the narrow one of whether enforcement of the zoning ordinance of the Borough of Bay Head (Borough), as enacted in 1979, is limited to the building inspector, or whether enforcement may be by private complainants.

On October 15, 1984, Allan D. MacFarlan's neighbor, Lucille Bitter, who lived at 541 West Lake Avenue, signed a complaint in the municipal court charging defendant MacFarlan with violating the Board's 1979 Municipal Land Use Ordinance on October 1, 1984. At trial the complaint was amended to allege violations of provisions of the ordinance which prohibited alteration, modification, enlargement or expansion of a nonconforming use and prohibited changing of a nonconforming use to a different or additional nonconforming use. At the end of

complainant's case defendant's motion to dismiss the complaint because it had not been signed by the Borough's zoning officer and on the alternative ground that the Borough failed to establish a *prima facie* case was denied by the municipal court judge. The judge found MacFarlan guilty of violating the municipal ordinance as charged and imposed a fine of $100, which was suspended. MacFarlan appealed to the Superior Court, Law Division, and after a trial *de novo* on the record below, defendant was again found guilty of violating the ordinance. The judge likewise imposed a $100 fine which was suspended.

A brief review of the facts will provide the background of this appeal. MacFarlan resided in premises at 539 West Lake Avenue in the Borough from 1960 to 1968 as a tenant. In 1968 he acquired ownership of those premises and is still the record owner.

A February 6, 1979 amendment to the Borough zoning ordinance resulted in MacFarlan's property and adjacent properties being placed in an R–50 residential zone. Under the prior ordinance in effect since 1965, defendant's premises had been in the marine commercial zone which allowed such uses as "[m]arine services such as dockage, boat hauling, boat building and sales, and boat repairs...." On MacFarlan's property was one building which was divided into three sections: a small front portion was used as an office, the middle portion was used as a warehouse and working area, and the rear portion was used as a residence. There was testimony that the building was essentially of the same configuration and use at the time the 1979 ordinance was adopted.

Defendant testified that he had used the premises for marine commercial uses, including boat repairs, prior to the adoption of the 1979 ordinance and had used power hand tools in doing that work. In 1980 MacFarlan rented the property to a Steven Wiperman who did the same general kind of work on the premises, except that his power tools consisted largely of

stationary machinery. Generally it is not for us, but for the trier of the facts, to resolve the conflicting testimony about whether the use in 1980 was an expansion of the prior use, thus violating the protected nonconforming use status of the property.[1]

Consideration of the issue of standing of Lucille Bitter as a complainant begins with an examination of the enforcement provisions of the current municipal zoning ordinance and of its predecessor. It appears that in 1979 the Borough's governing body intended to restrict the counterpart provisions of its 1965 ordinance which had allowed taxpayers to enforce its zoning ordinance. The 1965 zoning ordinance provided in § XIII for enforcement of its provisions in the following language:

> A. *Enforcement.* The provisions of this Ordinance shall be administered and enforced by the Zoning Officer. In the absence of a Zoning Officer these duties shall be performed by the Building Inspector. Where, hereafter, in this Ordinance reference is made to the Zoning Officer and such Zoning Officer shall not have been appointed to such office, all references thereto shall be deemed to apply to the Building Inspector of the Borough. The Zoning Officer shall have the power to inspect or cause to be inspected any building, structure, plans or premises and to order in writing the remedying of any condition found to exist in violation of the provisions of this Ordinance.
>
> In addition to the penalties provided in this Ordinance, *any person*, firm or corporation *violating* any provisions of *this Ordinance may be proceeded against by* the Borough of Bay Head, the *Zoning Officer* of the Borough of Bay Head *or by the owner of any property in the Borough of Bay Head* by appropriate action or proceedings in equity or otherwise to prevent [or] enjoin any threatened or existing violation *or any continuing violation* of this Ordinance. [Emphasis supplied.]

Thus, authority was broadly given under the 1965 ordinance not only to the zoning officer, but to any property owner in the

---

[1] We note in passing, however, that the municipal court is not necessarily the most appropriate forum for determining zoning questions, such as the existence of prior nonconforming uses. A question might arise regarding the effect of a municipal court determination if the defendant property owner subsequently applied to the zoning board for a determination that his use did not require a variance because it was nonconforming. Generally zoning issues are determined in actions in lieu of prerogative writ. See *R.* 4:69–1, *et seq.*, and comments thereto in Pressler, Current New Jersey Court Rules. Discovery is generally available in such cases and development of facts is facilitated.

Borough to bring enforcement proceedings for ordinance violations.

The enforcement provisions of § 18–16 of the 1979 ordinance state:

A. *Enforcement.*

The provisions of this subchapter *shall be administered and enforced by the Zoning Officer of the Borough.* In no case shall a permit be granted for the construction of or alteration of any building where the proposed construction, alteration or use thereof would be in violation of any provisions in this subchapter. It shall be the duty of the Zoning Officer or his duly authorized assistants to cause any building, plans, or premises to be inspected or examined and to order in writing the remedying of any conditions found to exist in violation of any provision of this subchapter, and he has the right to enter any building or premises in the course of these duties. [Emphasis supplied.]

If our decision had to rely solely on the Borough's governing body's intent, it seems clear under usual rules of statutory construction that the Borough deliberately eliminated the provision in its prior ordinance which authorized zoning complaints to be brought by private citizens. See *Caldwell v. Tp. of Rochelle Park*, 135 *N.J.Super.* 66, 74 (Law Div.1975). That obvious change in thrust of the Borough's most recent ordinance would ordinarily indicate that the governing body intended enforcement authority for zoning violations under its 1979 ordinance to be vested solely in its zoning officer. This being the case, inquiry must next be made based on the enabling legislation found in the Municipal Land Use Act, *N.J.S.A.* 40:55D–1, *et seq.* (MLUA). The issue here is quite narrow and does not require us to choose between the holdings in *Cranford Twp. v. Errico*, 94 *N.J.Super.* 395 (Cty.Ct.1967) (ordinance gives building inspector sole enforcement for zoning complaints); and *State v. Seich*, 98 *N.J.Super.* 466, 469 (Cty.Ct. 1967) (allows citizen complainants to sign zoning complaints), which were both decided prior to the effective date of the MLUA in 1976.

It is a basic proposition that a local ordinance may not be enacted in conflict with State law. *Fair Lawn Ed. Assn. v. Fair Lawn Bd. of Ed.*, 79 *N.J.* 574, 586 (1979). There also is an

apparent intent in the MLUA to preempt local ordinances because municipalities had to re-enact zoning ordinances after enactment of that act. See *N.J.S.A.* 40:55D–62a and 90b. Under *N.J.S.A.* 40:55D–18 an interested party, such as a taxpayer in the municipality, is given the right to institute proceedings under the zoning ordinance in the following terms:

> In case any building or structure is erected, constructed, altered, repaired, converted, or maintained, or any building, structure or land is used in violation of this act or of any ordinance or other regulation made under authority conferred hereby, the proper local authorities of the municipality *or an interested party, in addition to other remedies,* may institute any appropriate action or proceedings to prevent such unlawful erection, construction,... maintenance or use, to restrain, correct or abate such violation, to prevent the occupancy of said building, structure or land, or to prevent any illegal act, conduct, business or use in or about such premises. (Emphasis supplied.)

The quoted section of the MLUA confers rights on "interested parties," [2] which is a defined phrase in *N.J.S.A.* 40:55D–4. These rights cannot be diminished by local authorities. The statute has thus preempted conflicting municipal legislation. See *Dome Realty Inc. v. Paterson,* 83 *N.J.* 212, 225 (1980); *Mayor & Tp. Comm. So. Brunswick Tp. v. Covino,* 142 *N.J.Super.* 493, 498 (App.Div.1976); 2 Rathkopf, *The Law of Zoning and Planning* (4th ed. 1985) § 31.01, *et seq.; Rose v. Chaikin,* 187 *N.J.Super.* 210, 220–222 (Ch.Div.1982). In effect, *N.J.S.A.* 40:55D–18 has enacted the approach taken in *State v. Seich, supra* (98 *N.J.Super.* at 466) and extended enforcement of zoning power beyond the zoning officer for all municipalities governed by the MLUA. The enforcement provisions of Bay

---

[2] *N.J.S.A.* 40:55D–4 defines that term:

'Interested party' means: (a) *in a* criminal or *quasicriminal proceeding, any citizen of the State of New Jersey;* and (b) in the case of a civil proceeding in any court or in an administrative proceeding before a municipal agency, any person, whether residing within or without the municipality, whose right to use, acquire, or enjoy property is or may be affected by any action taken under this act, or whose rights to use, acquire, or enjoy property under this act, or under any other law of this State or of the United States have been denied, violated or infringed by an action or a failure to act under this act. (Emphasis supplied.)

Head's ordinance would negate citizen complaints and conflict with the provisions of the State statute. Hence, the enforcement provisions of Bay Head's ordinance are deficient. Regardless of the language of the ordinance, authority to involve enforcement proceedings extends to all interested parties in accordance with the MLUA. Thus, Lucille Bitter qualifies as a "citizen" to institute municipal court proceedings. See *N.J.S.A.* 40:55D–4.

We have also considered defendant's additional argument that there was error in finding him guilty of alteration or expansion of a nonconforming use beyond a reasonable doubt. There was sufficient evidence in the record to support that finding. *State v. Johnson*, 42 *N.J.* 146, 162 (1964).

Affirmed.